IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DERRICK LENARD SMITH<br>(BOP Registration No. 34671-077),<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:16-CV-1780-K<br>(3:00-CR-236-K-(1)) |

**MEMORANDUM OPINION AND ORDER**

Movant Derrick Lenard Smith, a federal prisoner, has filed through counsel a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. *See* Dkt. No. 1. He argues that the Supreme Court's reasoning in *Johnson v. United States*, 135 S. Ct. 2551 (2015) invalidates his convictions under 18 U.S.C. 924(c). Because the United States Court of Appeals for the Fifth Circuit has rejected that exact argument, as explained below, the Court **DENIES** this Section 2255 motion as meritless.

**Background**

A jury found Smith guilty of conspiring to commit bank robbery, bank robbery, and using and carrying a firearm during the bank robbery; three counts of attempted murder of law enforcement; three additional counts of using a firearm during those attempted murders; and being a felon in possession of a firearm. *See United States v. Smith*, 296 F.3d 344, 346 (5th Cir. 2002). The Court sentenced him to 1,320 months

1

in prison with five years of supervised release. *See United States v. Smith*, No. 3:00-cr-236-K-1 (N.D. Tex.), Dkt. No. 104. His convictions and sentence were affirmed on direct appeal. *See Smith*, 296 F.3d at 346.

Smith later filed this 28 U.S.C. § 2255 motion. *See* Dkt. No. 1. He argues only that his 18 U.S.C. § 924(c) convictions must be overturned in the wake of *Johnson*. *See* Dkt. No. 1 at 7 ("*Johnson* invalidates 18 U.S.C. [§] 924(c)(3)(B)").

**Law and Analysis**

Section 924(c) criminalizes the carrying, use, or discharge of a firearm during, or in furtherance of, any "crime of violence" or "drug trafficking crime." *See* 18 U.S.C. 924(c)(1)(A). 18 U.S.C. § 924(c)(3) defines the term "crime of violence" to mean:

[A]n offense that is a felony and—

(A)  has as an element the use, attempted use, or threated use of physical force against the person or property of another, or

(B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Smith argues that, "[u]nder the logic and reasoning of [*Johnson*], the 'residual clause' of the 'crime of violence' definition found in 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague." Dkt. No. 8 at 1. In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act," 18 U.S.C. § 924(e)(2)(B)(ii)—which clause defines a "violent felony" as one

2

"involv[ing] conduct that presents a serious potential risk of physical injury to another"—"violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.

But the Fifth Circuit has rejected the argument that *Johnson* invalidates any part of Section 924(c)'s definition of "crime of violence." *See United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017). In *Jones*, the Fifth Circuit held that "the definition of 'crime of violence' under § 924(c)(3)(B) is not unconstitutionally vague" after *Johnson*. *Id.* at 740. Thus there is no merit to Smith's argument here that he is entitled to relief from his Section 924(c) convictions in the wake of *Johnson*. *See United States v. Johnson*, 880 F.3d 226, 235 (5th Cir. 2018) (holding that *Jones* foreclosed the defendant's argument that Section 924(c)(3)(B)'s definition of "crime of violence" was void for vagueness after the Supreme Court's decision in *Johnson*).

## Conclusion

For the foregoing reasons, the motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255 is **DENIED WITH PREJUDICE** as meritless.

**SO ORDERED.**

Signed February 21st, 2018.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE